**TEXAS TRACTOR COMPANY,**
Appellant,

v.

**TEXAS POWER & LIGHT COMPANY,**
Appellee.

**No. 4544.**

Court of Civil Appeals of Texas.

Waco.

March 9, 1967.

**936**

Barrow, Bland & Rehmet, Sidney Farr, Houston, for appellant.

Bryan, Wilson, Olson & Stem, Waco, for appellee.

## OPINION

WILSON, Justice.

Summary judgment was rendered for appellee plaintiff in its action seeking damages for alleged breach of "guaranty contracts". We reverse.

Plaintiff, Texas Power & Light Company, alleged it entered into written dealer contracts with defendant, Texas Tractor Company, by which the latter, as dealer, was to sell a light apparatus called "Ready-Lite" to the power company's electrical power customers. By the terms of the pleaded dealer agreement the power company agreed to "purchase company-approved sales contracts" under which the tractor company sold the "Ready-Lite".

Plaintiff alleged the dealer also "guaranteed in writing to repurchase from the plaintiff all the 'Ready-Lite' sales contracts purchased by the plaintiff from the defendant which became defaulted in that the lights were not installed or that the purchaser of the lights refused to make those payments due and owing on such sales contracts to the plaintiff." It alleged accounts in specified amounts were still due and owing, and that after demand the dealer defendant had failed "to repurchase from plaintiff those defaulted sales contracts, and thus breached the guarantee agreements." The prayer was for damages in the total amounts alleged to be due under the sales contracts "purchased" by the power company.

The "guarantee agreements" pleaded by power company, attached as exhibits, were in the form of letters from the dealer to the power company's district managers in Waco, Hillsboro, Temple, Corsicana and Taylor, which stated, in effect, that the appellant dealer made "an unconditional guarantee" to repurchase from the power company "all defaulted contracts for the purchase" of the lights. The five letters were not identical in language, but in each there was the further statement to the effect that the contract was made "in consideration of" the power company's agreement, or with "the understanding" that the latter agreed, to add monthly payment charges for the lights "to the customer's light bill" if sales contracts were purchased by the power company from the dealer, and (in two letters) that the power company agreed to "make the same routine efforts to collect such monthly payments as you make for the collection of your monthly service charges."

Appellant dealer answered that the power company had failed to add the "Ready-Lite" monthly payment charges to its customer's light bills, and had failed to make the effort agreed upon to collect the payments; that there was thereby a failure of consideration; that the acts and conditions precedent to liability on the part of the dealer never occurred.

Attached to the power company's motion for summary judgment were affidavits of its five district accountants reciting that "certain of these contracts" covered by the "guaranty" agreements "had become defaulted" on the part of appellee's customers, and appellant dealer had failed to repurchase the defaulted sales contracts in specified amounts. The tractor-company dealer answered, pointing out defects in the affidavits, and again pleading omission by the power company to include the payments in its monthly bills. It filed an affidavit based on personal knowledge, stating that the condition in the "guaranty" agreement as to billing and collection efforts had not been complied with, and that each of the five district managers had admitted these facts to the affiant.

The power company urges affirmance of the summary judgment on the ground the dealer's agreement to repurchase defaulted sales contracts was an absolute, or "un-

conditional guaranty." It argues the distinctions and differences between a conditional and an unconditional guaranty and the divergent results which are a concomitance of each, and insists that whether it complied with the agreement is not material.

 If the five letters of appellant were to be considered as "guaranties" appellee would not be relieved of the obligation of performance under elementary contract rules. But these letters are not "guaranties", and appellant is not a guarantor under the law of guaranty. The mere fact that the writer of the letters used the verb "guarantee" in the lay connotation of that word as an expression evidencing a primary undertaking, did not convert the letters into anything other than what they are: contracts to repay the power company a portion of the amount it had paid the tractor company consisting of "the unpaid balance of the principal" amount due on "Ready-Lite" sales contracts "purchased" by the power company and on which the power company's customers defaulted. A part of the consideration for this agreement was an agreement by appellee to exert a measure of protective action which the dealer exacted: that the power company include monthly "Ready-Lite" payments.

A "guaranty" in the sense appellant advances, is a promise to answer for the debt or performance of a contract or duty for another. The nature of the obligation, not the words used, determines the status. Wood v. Canfield Paper Co., 117 Tex. 399, 5 S.W.2d 748, 750. "Guarantee" is said to be a word frequently employed outside the scope of its technical legal significance to express a primary—not a collateral or secondary—obligation, and which does not purport to secure the promise or debt of another.[1] Border Nat. Bank of Eagle Pass, Tex. v. American Nat. Bank of San Francisco, Calif., 5 Cir., 282 F. 73, 78, cert. den.

Appellee failed to negative existence of a genuine issue of material fact under Rule 166–A, Texas Rules of Civil Procedure, i. e., the material issue of whether appellee performed its agreement to add the monthly payment charges to its light bills, and whether it followed collection procedure agreed upon. The summary judgment was not authorized.

Reversed and remanded.

---

1. As in the case, e. g., of the familiar, uncouth and emphatic "Oklahoma guarantee."